## HORTON v. HESTER–GRIFFIN OIL CO. et al. (No. 6926.)

(Court of Civil Appeals of Texas. San Antonio. April 4, 1923. Rehearing Denied April 25, 1923.)

Joint-stock companies and business trusts ⚖⇒18—Oil company not liable for services of watchman employed by purchasers at foreclosure.

An unincorporated joint-stock association and its shareholders are not liable for services of watchman employed by two of the shareholders who acquired title to the property under foreclosure proceedings for their own benefit and not for the benefit of the association.

Appeal from Johnson County Court; O. O. Shrisman, Judge.

Suit by Ben Horton against the Hester-Griffin Oil Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. M. Moore, of Cleburne, for appellant.
Warren & Russell, of Cleburne, for appellees.

COBBS, J. Appellant filed this suit to recover of the Hester-Griffin Oil Company and certain of the shareholders $390.40, balance due for services rendered at $7.50 per day in watching machinery used in drilling for oil in the Burkburnett Oil Field in Wichita county, Tex. He alleged the Hester-Griffin Oil Company was an unincorporated joint-stock association or partnership, and the defendants R. M. Hester, S. T. Hester, C. J.

Williamson, D. M. Thrash, W. J. Layland, M. E. Mills, C. C. Byers, Dr. B. H. Turner, Mike Kennard, T. H. Griffin, W. J. Meals, G. E. Stewart, and Mrs. C. A. Summers, a feme sole, stockholders in the company and sued as such, except C. J. Williamson and Mrs. C. A. Summers.

This suit was tried with a jury upon special issues, and upon the answers of the jury a judgment was entered against T. H. Griffin and Mike Kennard alone, neither of whom appealed from said judgment. The appeal is only prosecuted by appellant against the other defendants, appellees herein.

At the conclusion of the evidence appellant requested the court to direct a verdict for the appellant for the amount sued for against Hester-Griffin Oil Company and all shareholders, which the court refused.

While under the contention of appellant, that the association and its shareholders are liable for this debt, citing in support thereof McCamey v. Hollister Oil Co. (Tex. Civ. App.) 241 S. W. 689, and West Side Oil Co. v. McDorman et al. (Tex. Civ. App.) 244 S. W. 167, the facts in this case render the discussion of that question irrelevant and wholly unnecessary.

Upon sufficient facts, the jury found that only T. H. Griffin and Mike Kennard were liable, upon the theory that they had acquired the title to this property under foreclosure proceedings, and as the owners thereof employed appellant for their own benefit to care for their property, and not for said association or its shareholders.

Having given careful consideration to all the errors assigned, we find none that should cause a reversal.

The judgment is affirmed.